## 31650. BURRUSS v. BAILEY et al.

NICHOLS, Chief Justice.

Mrs. Burruss filed an action to quiet title under Ga. L. 1966, p. 443 (Code Ann. § 37-1411 et seq.) and to rescind a land line agreement executed by Mrs. Burruss.

Ingram and Greer were joint owners of a tract of land in Cobb County. Mrs. Burruss is the owner of a contiguous tract. Ingram and Greer entered into a sales contract with a joint venture group represented by Bailey. The buyers required Ingram and Greer to get a land line agreement from Mrs. Burruss because of conflicting descriptions in the chain of title. Greer took the agreement to Mrs. Burruss' home for execution. Mrs. Burruss and her husband examined the agreement, the plat and their

deed, and she then signed the agreement. In reliance on the agreement, the sale was completed the following day. About a year later Mrs. Burruss filed this suit seeking rescission on the grounds of fraud and misrepresentations in the execution of the argeement.

The trial court granted a motion for summary judgment as to Bailey, Ingram and Greer and Mrs. Burruss appeals.

1. The trial court found that there was no confidential relationship between the parties which appellant could rely on as to any representation made by Greer; that Greer did not use any misleading artifice or device to keep Mrs. Burruss or her husband from reading the agreement; that she was not coerced into signing the agreement; that Mrs. Burruss had a high school education; that she had helped her husband operate a business; and that she was well versed in the affairs of business.

The court then found that appellant had voluntarily executed the agreement and that the agreement established the boundary line between the parties and granted summary judgment. The findings of the trial court were supported by the record, and the trial court did not err in granting appellees' motion for summary judgment.

2. The remaining enumeration of error contends the trial court erred in failing to rule on appellant's motion to join the members of the joint venture group represented by Bailey. This question is now moot in view of the affirmance of the summary judgment in favor of Bailey.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 9, 1976 — DECIDED DECEMBER 1, 1976.

*McLarty & Aiken, Paul M. McLarty, Jr.,* for appellant.

*Greene, Buckley, DeRieux & Jones, Raymond H. Vizethann, Jr., Fredericks, Jones & Wilbur, Jimmy W. Jones, J. Don Jones,* for appellees.